UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA CANDEE, ) | |
| ) | |
| Plaintiff(s), ) | No. C08-4384 MHP (BZ) |
| ) | |
| v. ) | |
| ) | **ORDER TO SHOW CAUSE** |
| AT&T MOBILITY LLC, et al., ) | |
| ) | |
| Defendant(s). ) | |

    1.   In this action, plaintiff sued AT&T for discrimination based on alleged disability in violation of the California Fair Employment and Housing Act and related claims. On November 16, 2009, Judge Patel referred the case to me to conduct a settlement conference.

    2.   On November 20, 2009, I entered an order scheduling the settlement conference for Tuesday, December 8, 2009 at 9:00 a.m. Among other things, the order required AT&T to appear with its lead trial counsel and to be represented "by the person or persons not directly involved in the events which gave rise to the litigation but with full authority to negotiate a settlement. A person who needs to call another

1

person not present before accepting, rejecting or making any settlement offer does not have full authority."  Order, Page 2, Lines 4 - 9.

4.  3.  On December 8, 2009, the settlement conference convened.  Plaintiff appeared with her attorney Therese M. Lawless, Esq.  Defendant appeared by David R. Ongaro, Esq. and its Regional Vice President, Northern California - Government Accounts, Chris Congo.

4.  It appeared from my discussions with Mr. Ongaro and Mr. Congo about the potential range at which this case is likely to settle, that Mr. Congo lacked full authority to settle the case, as that term is defined by my Order.  At one point, I was told that the settlement range that I had suggested was "outside the pay range" of Mr. Congo and that I "could not expect AT&T to send someone with full authority" as that term is defined in my Order.

5.  In my judgment, there was a distinct likelihood that the case could have settled at the settlement conference had AT&T been represented by a person with full settlement authority.

6.  Magistrate judges have summary criminal contempt authority.  28 U.S.C. § 636(e)(2).

Good cause appearing, **IT IS HEREBY ORDERED** that defendant AT&T Mobility LLC and its counsel Rao, Ongaro, Burtt & Tiliakos LLP shall show cause in writing by **December 30, 2009** why either should not be adjudged in contempt of court, or otherwise sanctioned under Rule 16(f) for their failure to participate in the December 8, 2009 settlement conference as

2

ordered. A hearing on this Order To Show Cause is scheduled for **January 6, 2010 at 10:00 a.m.**, in Courtroom G, 15th Floor, Federal Building, 450 Golden Gate Avenue, San Francisco, California 94102.

Dated: December 10, 2009

                                 _____
                                        Bernard Zimmerman
                                  United States Magistrate Judge

G:\BZALL\-REFS\REFS.09\CANDEE CONTEMPT ORD.wpd